United States District Court
Southern District of Texas
**ENTERED**
May 22, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCO UVINA, | § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. H-25-1465 |
| WALGREEN CO., | § § § | |
| Defendant | § § § | |

ORDER

Pending before the Court is Plaintiff's Motion to Remand (Document No. 5). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

I. BACKGROUND

This is a case concerning a slip and fall that allegedly took place in the parking lot of a Walgreens store in Harris County, Texas. Plaintiff Francisco Uvina ("Uvina") contends that he was injured while he was an invitee on Defendant Walgreen Co.'s ("Walgreen") premises located at 6895 Griggs Road in Houston, Texas. Uvina further contends that he sustained serious bodily injuries after tripping on an unpainted and unmarked tire stop in the parking lot of Walgreen's premises.

Based on the foregoing, On May 17, 2024, Uvina filed suit against Walgreen in state court, raising a negligence claim pursuant to a premises liability theory. On

March 31, 2025, Walgreen filed a notice of removal, contending that removal to federal court was proper pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1446(a). On April 30, 2025, Uvina filed a motion to remand this case back to the 295th Judicial District Court of Harris County, Texas.

## II. STANDARD OF REVIEW

A defendant may remove a case to federal court if the federal court has subject matter jurisdiction to hear the original complaint. 28 U.S.C. § 1441(a). Federal courts have limited jurisdiction, so any doubts regarding whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). *Gasch v. Harford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). A removing party must show both the existence of federal jurisdiction and the propriety of removal. *Mumfrey v. CVS Pharmacy*, Inc., 719 F.3d 392, 397 (5th Cir. 2013).

A federal court may only assert subject matter jurisdiction over a matter when authorized by the federal constitution or by statute. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). A federal court may exercise jurisdiction over any civil action arising under the federal constitution, statutes, or

2

treaties. 28 U.S.C. § 1331. A case arises under federal law when a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Griffith v. Alcon Rsch., Ltd.*, 712 F. App'x 406, 408 (5th Cir. 2017) (per curiam).

### III. LAW & ANALYSIS

Uvina moves to remand this case back to state court, contending that removal is improper due to a lack of diversity jurisdiction based on an alleged amount in controversy insufficient to satisfy diversity jurisdiction requirements. Walgreen contends that a preponderance of the evidence establishes that the amount in controversy greatly exceeds $75,00.00. The Court will consider, in turn, the arguments raised by the parties regarding remand to state court.

To invoke diversity jurisdiction in federal court, the matter in controversy must exceed $75,000.00, exclusive of interests and costs, and be between citizens of different states. *See* 28 U.S.C. § 1332. In determining whether the amount in controversy requirement is satisfied, the Court looks first to the amount of damages alleged in the petition. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). If it is not facially apparent from the plaintiff's petition that the amount in controversy exceeds $75,000.000, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $[75,000]."

3

*De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

Here, Uvina contends that he specifically and intentionally pled damages under $75,000 when filing his initial petition in state court in 2022. An independent review of the record shows Uvina's requested monetary relief in their original petition specifically states that "[p]ursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief less than $75,000,"[1] an amount in controversy insufficient to satisfy diversity jurisdiction in federal court. Walgreen's sole basis for removal relies upon a confidential initial settlement demand from Uvina in the amount of $95,000.00. Regardless of any settlement demand between the parties, the Court's analysis is predicated upon the Fifth Circuit's clear guidance instructing the Court to consider the amount in controversy alleged in a plaintiff's initial petition. Thus, considering Uvina's specific statement regarding monetary relief sought in his initial petition, the Court finds it is facially apparent that the amount in controversy in this matter is below the monetary requirement to invoke the Court's diversity jurisdiction.

Having considered the motion, submissions, and applicable law, the Court finds that diversity amongst the parties does not exist such to satisfy the legal

---

[1] *See Plaintiff's Motion to Remand*, Document No. 5, Exhibit A at 1. (*Plaintiff's Original State Court Petition*).

4

standard for the Court to wield jurisdiction. Considering the Fifth Circuit's clear guidance that when a federal court lacks subject matter jurisdiction the case must be remanded to state court, the Court finds that Uvina's motion should be granted and the case should be remanded back to the 295th District Court of Harris County, Texas.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's Motion to Remand (Document No. 5) is **GRANTED.** This case is hereby **REMANDED** to the 295th District Court of Harris County, Texas.

SIGNED at Houston, Texas, on this __22__ day of May, 2025.

DAVID HITTNER
United States District Judge